STATE OF VERMONT
RUTLAND COUNTY, SS

KIM ROBERTSON ) RUTLAND SUPERIOR COURT
    Plaintiff ) DOCKET NO. S0458-97 RcC
                 )
V. )
                 )
ROME FAMILY CORPORATION )
    Defendant )

CONFORMED COPY
RUTLAND SUPERIOR COURT

AUG 26 1999

*[signature]* Clerk

## DECISION AND ORDER
### Plaintiff's Motion to Alter or Amend
### Plaintiff's Request for Attorneys' Fees

This matter came before the Court for hearing on the above motions on July 14, 1999. Plaintiff Kim Robertson was represented by Emily J. Joselson, Esq. Defendant Rome Family Corporation was represented by Eugene Rakow, Esq.

Plaintiff's Motion to Alter and Amend is granted to the extent and in the manner stated on the record.

Plaintiff is entitled to reasonable attorneys' fees and costs in this action pursuant to 21 V.S.A. §495b(b). Plaintiff claims attorneys' fees of $54,466.25, and costs of $2,854.83 for a total of $57,321.08. Upon consideration of the affidavit, arguments and memoranda of counsel with respect to attorneys fees and costs to be awarded to the Plaintiff, the Court determines costs and attorneys' fees as follows:

Plaintiff is awarded all of her costs, which are reasonable. Thus, she is awarded costs in the amount of $2,854.83.

With respect to attorneys' fees, the Court declines to take the approach requested by Defendant, i.e., to begin the analysis by allowing only one-half of the total of attorneys' fees claimed on the theory that approximately one-half of the amount of Plaintiff's original claim was an unsuccessful claim for commissions unrelated to the FEPA claim. (The FEPA award without interest is $33,909.63; the unsuccessful claim for commissions was $33,843.49.) Rather, the Court will start with the "lodestar" amount as the presumptive level of compensation, as the FEPA claim was clearly the primary claim in the action. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Quarantino v. Tiffany & Co.*, 166 F. 3d 422, 425 (2d Cir. 1999). Plaintiff has filed a statement dated May 25, 1999 detailing her claimed "lodestar" amount, which is a reasonable billing rate multiplied by the amount of time counsel claims was reasonably spent.

1

The Court also declines to adopt Defendant's principle that the award of attorneys' fees should not in any event exceed the award of damages. The amount of the judgment is $33,909.63, plus interest which Plaintiff has calculated at $14,151.70 for a total judgment of $48,061.33. The fact that Plaintiff's total attorneys fees exceed the amount of her successful FEPA claim does not necessarily mean that the attorneys' fees were unreasonable. The Legislature has determined that the policy underlying FEPA is of such importance that a successful claimant is entitled to reasonable attorneys fees for having to pursuing the claim, without any limitation based on the dollar amount of the recovery, in order to encourage enforcement of FEPA requirements regardless of the size of monetary damages.

Nonetheless, the Court, after reviewing the detailed billing statements, including the descriptions of the amount of time spent on various aspects of case preparation, and comparing them with the work that was done, concludes that reduction from the amount claimed by Plaintiff is warranted for the following reasons:

1) Plaintiff's claim for commissions for sales of fleece was both unrelated and unsuccessful, and a reduction should be made to some degree for that reason. While there was some overlap in the evidence relating to the FEPA and commission claims, most of the evidence on the commission claim was not relevant to the FEPA claim, and the claim was based on a completely separate body of law. Either claim could have been brought without the other. A portion of case preparation and trial time was devoted to this claim, as distinct from the FEPA claim. The policy of awarding attorneys' fees in FEPA cases is not furthered by awarding an unsuccessful plaintiff attorneys' fees for an unrelated claim for commissions when the FEPA claim is based on Plaintiff's status as a salaried employee. Plaintiff also pursued unsuccessful claims for damages for emotional distress, punitive damages, and intentional infliction of emotional harm, the last of which was withdrawn at trial. Defendant should not have to pay for work done on these claims.

2) While the hourly rates charged by Plaintiff's attorneys were reasonable, and the Court determines that there should be no reduction for either hourly rate or the quality of the work done, the amount of time spent exceeds what was reasonably necessary for successful pursuit of the FEPA claim. The Court is not making a reduction for the fact that a second attorney assisted at trial or in trial or memoranda preparation, or for charges related to other support staff. Nonetheless, some of the memoranda, other documents, and trial examination were unnecessarily lengthy. Defendant should not be charged for extra or unnecessary work.

3) Some of the motions filed by Plaintiff were unwarranted and resulted in costs that should not reasonably be charged to Defendant. For example, Plaintiff filed a motion to amend to add claims and an additional defendant, and Plaintiff's counsel acknowledged that these were inadvertently omitted from the original complaint. (Plaintiff's Motion to Amend filed May 19, 1998.) Plaintiff requested a jury trial long after the time period in which to request a jury trial had expired. (Amended Complaint filed August 19, 1998, and Memorandum filed September 15, 1998.) Plaintiff filed a motion seeking telephone testimony of witnesses for no unusual

2

reason, showing no basis for dispensing with the normal requirement for live testimony in court.

After taking into consideration the extent of reductions called for by these factors, the Court determines that reasonable attorneys fees related to the FEPA claim in this case are as follows:

| | | | | | |
|---|---|---|---|---|---|
| Attorney Joselson | 150 hours | x | $140 | = | 21,000 |
| Attorney Shelkrot | 50 hours | x | $115 | = | 5,750 |
| Other staff | (Per 5/25/99 bill, p. 17, reduced) | | | = | 1,710 |
| TOTAL | | | | | $28,460 |

Based on the foregoing, the Court awards Plaintiff reasonable attorneys fees in the amount of $28,460.00 and costs in the amount of $2,854.83 for a total of $31,314.83.

Plaintiff shall prepare a Judgment Order based on the Findings and Conclusions of the Court filed May 11, 1999 as amended by the Court at the hearing on July 14, 1999, and on this Order.

**SO ORDERED.**

Dated at Rutland, this 26th day of August, 1999.

HON. MARY MILES TEACHOUT
SUPERIOR JUDGE

3